**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOHREN MILLER, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br><br>    v.<br><br>MADEWELL, INC.<br><br>                             Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lohren Miller ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Madewell, Inc. ("Madewell" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE CASE

1.  This is a class action on behalf of all persons that purchased goods from Defendant's internet website for delivery in the State of Missouri.

2.  Missouri state law mandates that retailers charge a "use tax" on sales of their products through remote means, including an internet website, telephone, catalog or other remote communications system (collectively, "remote sales channel(s)"), to Missouri purchasers that are shipped from an out-of-state facility.  The state use tax rate for these sales is 4.225%.  *See* Mo. Ann. Stat. §§ 144.600-761.  There are also additional local use taxes that are imposed on sales made through remote sales channels based on the delivery address of the Missouri purchasers.

3.  Defendant illegally and erroneously overcharges tax monies at a higher tax rate than the correct applicable use tax rate on products purchased through remote sales channels,

including from Madewell's internet website, that are shipped to Missouri customers from an out-of-state facility, resulting in the overcollection of monies from Missouri consumers.

4.      Plaintiff brings this action on behalf of herself and a proposed class of Missouri residents who purchased products for personal, family, or household use from Madewell through remote sales channels, including its internet website.

<u>**PARTIES**</u>

5.      At all relevant times, Plaintiff was and is a Missouri citizen residing in Lee's Summit, Missouri.

6.      On October 25, 2022, Plaintiff purchased The Mira Side-Seam Ankle Boot from Defendant's website, www.madewell.com, for personal, family or household use for delivery to 5928 Northeast Ruby Lane, Lee's Summit, Missouri 64064.  Plaintiff's purchase was shipped from Lynchburg, Virginia.

7.      According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 5928 Northeast Ruby Lane, Lee's Summit, Missouri 64064 on October 25, 2022 is 4.225%.

8.      When Plaintiff purchased the shoes from Madewell's website on October 25, 2022, Defendant required Plaintiff to pay a 7.476% tax rate, resulting in the overcollection of monies.

9.      Defendant Madewell, Inc. is a Delaware corporation and has its principal place of business at 225 Liberty St., New York, New York.  Defendant conducts, and at all relevant times, has conducted business in Missouri through remote sales channels, including making sales through its internet website.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

11.     This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in this District.

## CLASS ALLEGATIONS

13.     Plaintiff seeks to represent a class defined as all persons who purchased a product from Defendant for personal, family, or household use through a remote sales channel, including Defendant's internet website, that was delivered from an out-of-state facility to a Missouri delivery address (the "Class").  Excluded from the Class are governmental entities, Defendant, Defendant's affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased the Products for resale.  Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

15.     **Numerosity.**  The members of the Class are geographically dispersed throughout the state of Missouri and are so numerous that individual joinder is impracticable.  Upon

information and belief, Plaintiff reasonably estimates that there are tens of thousands of members

in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true

number of Class members is known by Defendant and may be determined through discovery.

Class members may be notified of the pendency of this action by mail and/or publication through

the distribution records of Defendant.

      16.    **Existence and predominance of common questions of law and fact.**  Common

questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual Class members.  These common legal and factual questions

include, but are not limited to, the following:

    (a)    whether Defendant charged and collected an incorrect tax rate on sales of its
products through remote sales channels, including Defendant's internet website,
to Missouri purchasers that were delivered from an out-of-state facility;

    (b)    whether charging and collecting incorrect tax on sales of products through remote
sales channels, including an internet website, that were delivered from an out-of-
state facility constituted an unlawful practice;

    (c)    whether charging and collecting incorrect tax on sales of products through remote
sales channels, including an internet website, that were delivered from an out-of-
state facility constituted an unfair practice;

    (d)    whether Defendant misrepresented that a higher tax rate was owed on sales of
products through remote sales channels, including an internet website, that were
delivered from an out-of-state facility;

    (e)    whether Defendant's customers were damaged due to Defendant's unlawful tax
practices;

(f)     whether Defendant should, under Missouri law, be required to return "tax"

        monies to Plaintiff and the Class;

(g)     whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

17.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of

the Class in that, among other things, all Class members were similarly situated and were

comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are

no defenses available to Defendant that are unique to Plaintiff.

18.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex

consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on

behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the

Class.

19.     **Superiority.**   A class action is superior to all other available means for the fair

and efficient adjudication of this controversy.  The damages or other financial detriment suffered

by individual Class members are relatively small compared to the burden and expense of

individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for

the Class on an individual basis, to obtain effective redress for the wrongs committed against

them.  Furthermore, even if Class members could afford such individualized litigation, the court

system could not.  Individualized litigation would create the danger of inconsistent or

contradictory judgments arising from the same set of facts.  Individualized litigation would also

increase the delay and expense to all parties and the court system from the issues raised by this

action.  By contrast, the class action device provides the benefits of adjudication of these issues

in a single proceeding, economies of scale, and comprehensive supervision by a single court, and

presents no unusual management difficulties under the circumstances.

20.     In the alternative, the Class may also be certified because:

(a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## <u>COUNT I</u>
### Violation of the Missouri Merchandising Practices Act

21.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

22.     Defendant's actions alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*.

23.     Defendant is a "person" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(5).

24.     The goods purchased from Defendant are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

25.     The goods purchased from Defendant are for personal, family or household use.

26.     The transactions resulting in purchases of goods from Defendant in Missouri are a

"sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

27.    Defendant's actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

28.    Defendant's actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.  Specifically, they were and are, *inter alia*, unethical.

29.    Plaintiff and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

30.    Plaintiff and the Class seek actual damages for all monies paid in violation of Chapter 144, Missouri Revised Statutes.

31.    Appropriate injunctive relief is necessary to prevent Defendant's MMPA violations from continuing.  If Defendant's violations of the MMPA are not stopped by such injunctive relief, Plaintiff and the members of the Class will continue to suffer injury by being charged a higher tax rate on sales of products through remote sales channels, including an internet website, by Defendant that were delivered from an out-of-state facility.

32.    The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

33.    Due to Defendant's violations of the MMPA, Plaintiff seeks damages, an order enjoining Defendant from the unlawful practices described above, reasonable attorneys' fees and any other relief the Court deems proper under the MMPA.

## COUNT II
**Unjust Enrichment**

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.     As alleged above, Defendant charged and collected a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

36.     Defendant has been unjustly enriched in that they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

37.     Said funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

38.     Defendant's retention of these funds is unjust because Defendant misrepresented the amount of tax due for the provision of its goods and services, and collected more tax than allowed under Missouri law.

39.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

40.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust an inequitable, Defendant must pay restitution to Plaintiff and the Class for their unjust enrichment, as ordered by the Court.

## COUNT III
**Money Had and Received**

41.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

42.     Defendant has received money from Plaintiff and the Class by charging a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility rather than the use tax rate mandated by Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

43.     Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the monies that Plaintiff and the Class were charged at a higher tax rate than the correct applicable use tax rate on the sales at issue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For an order directing Defendant to cease the illegal actions detailed herein; and

(g)     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: March 21, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yitzchak Kopel*
       Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com

*Counsel for Plaintiff*